**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

ROBERT DeWITT MILLS,              :
                                  :     Civil Action No. 06-1497 (JAP)
          Plaintiff,              :
                                  :
     v.                           :     **OPINION**
                                  :
DRUG ENFORCEMENT                  :
ADMINISTRATION (DEA)              :
JACKSONVILLE DIVISION,            :
et al.,                           :
                                  :
          Defendants.             :

**APPEARANCES**:

Plaintiff pro se
Robert DeWitt Mills
F.C.I. Otisville
P.O. Box 1000
Otisville, NY 10963

**PISANO,** District Judge

    Plaintiff Robert DeWitt Mills, a prisoner currently confined at the Federal Correctional Institution at Otisville, New York, seeks to bring this action in forma pauperis pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to

28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

As it appears that this District is not the proper venue for this action, this Court will not undertake to screen the Complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, but will transfer this action to the U.S. District Court for the Middle District of Florida.

### I.  BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that, in 2002, Agent David Wilson of the Jacksonville, Florida office of the Drug Enforcement Administration ("DEA") initiated a series of three-way tape-recorded telephone conversations from his location in Florida, through a confidential informant in another location, to Plaintiff in New Jersey, without Plaintiff's permission and without obtaining a search warrant or otherwise complying with appropriate procedures.  Plaintiff contends that two other DEA agents, Frank Orochena and Tom Slovenkay, also located in Florida, knew of these recording activities and failed to stop them.

Plaintiff contends that these activities violated his right to be free from unreasonable searches under the Fourth Amendment and deprived him of liberty without due process in violation of

2

the Fifth Amendment, presumably as the result of a prosecution in which the tapes were used as evidence. He names as defendants the three DEA agents, in their individual and official capacities, and the DEA. He seeks monetary damages and injunctive relief.

## II.  Bivens v. Six Unknown Agents

In <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 389 (1971), the Supreme Court held that a violation of the Fourth Amendment by a federal agent acting under color of his authority gives rise to a cause of action against that agent, individually, for damages. The Supreme Court has also implied damages remedies directly under the Eighth Amendment, <u>see</u> <u>Carlson v. Green</u>, 446 U.S. 14 (1980), and under the equal protection component of the Fifth Amendment's Due Process Clause, <u>see</u> <u>Davis v. Passman</u>, 442 U.S. 228 (1979).

This Court construes the Complaint as attempting to assert claims pursuant to <u>Bivens</u>.

## III.  ANALYSIS

The facts asserted in the Complaint raise the question whether this District Court is the proper venue for this action. <u>See</u> <u>Chatman-Bey v. Thornburgh</u>, 864 F.2d 804, 813-14 and n.10 (D.C. Cir. 1988) (a court may raise considerations of venue <u>sua sponte</u>); <u>Garcia v. Pugh</u>, 948 F.Supp. 20, 23 (E.D. Pa. 1996)(same). <u>See also</u> 15 Charles Alan Wright, Arthur R. Miller

3

and Edward H. Cooper, Federal Practice and Procedure § 3844 (2d ed.).

Pursuant to the general federal venue provision:

...

(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

...

(e) A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action. ...

28 U.S.C. § 1391.

In determining the proper venue for this action, it is important to note that a Bivens claim may not be asserted against a federal agency, such as the DEA, or against federal officers in their official capacities.  The United States has sovereign immunity except where it consents to be sued.  United States v. Mitchell, 463 U.S. 206, 212 (1983).  In the absence of such a

waiver of immunity, Plaintiff cannot proceed in an action for damages against the United States or an agency of the federal government for alleged deprivation of a constitutional right, see FDIC v. Meyer, 510 U.S. 471, 484-87 (1994), or against any of the individual defendants in their official capacities, see Kentucky v. Graham, 473 U.S. 159, 166 (1985) (a suit against a government officer in his or her official capacity is a suit against the government).  This Court is aware of no such waiver of immunity with respect to the DEA and Plaintiff has not asserted any.[1]  A Bivens-type action seeking damages from the defendant DEA agents is an action against them in their individual capacities only. See, e.g., Armstrong v. Sears, 33 F.3d 182, 185 (2d Cir. 1994); Johnston v. Horne, 875 F.2d 1415, 1424 (9th Cir. 1989).  Thus, this action truly asserts claims only against the defendant DEA agents in their individual capacities.

Accordingly, Section 1391(e)(3), relating to actions against officers and employees of the United States acting in their official capacities, and which authorizes venue in the district in which the plaintiff resides,[2] does not apply.  The United

---

[1] The limited waiver of immunity contained in the Administrative Procedure Act, 5 U.S.C. § 702, does not apply where the action seeks monetary relief.  See, e.g., Polanco v. U.S. Drug Enforcement Admin., 158 F.3d 647, 652 (2d Cir. 1998); Armendariz-Mata v. U.S. Dept. of Justive, Drug Enforcement Admin., 82 F.3d 679, 682 (5th Cir. 1996).

[2] Plaintiff alleges that he was a resident of New Jersey at the time of the events complained of.  His incarceration in New

States Supreme Court held in Stafford v. Briggs, 444 U.S. 527 (1980), that subsection (e)(3) does not apply to suits filed against federal government employees for monetary damages.

> Suits for money damages for which an individual officeholder may be found personally liable are quite different.  If section 1391(e) were construed to govern actions for money damages against federal officers individually, suits could be brought against these federal officers while in Government service-and could be pressed even after the official has left the federal service-in any one of the 95 federal districts covering the 50 states and other areas within federal jurisdiction.  This would place federal officers, solely by reason of their Government service, in a very different posture in personal damages suits from that of all other persons, since under 28 U.S.C. section 1391(b), suits against private persons for money damages must be brought "in the judicial district where all defendants reside, or in which the claim arose."

Briggs, 444 U.S. at 544 (footnote omitted).  See also Micklus v. Carlson, 632 F.2d 227, 240-41 (3d Cir. 1980) (section 1391(e) does "not apply to actions for money damages brought against federal officials in their individual capacities").

Thus, subsection (b) governs the venue determination here.  According to the allegations of the Complaint, all defendant DEA agents reside in the Middle District of Florida.  In addition, a "substantial part" of the events giving rise to the claim occurred in Florida, not in New Jersey.  The only event occurring in New Jersey was Plaintiff's participation in the taped telephone calls.  Alternatively, the challenged law-enforcement

---

York does not change his residency.  See, e.g., Freddo v. U.S., 2001 WL 1175098, *1, n.2 (E.D. Pa. 2001) (collecting cases).

decisions regarding the tape-recording took place in Florida, the calls initiated in Florida, and the alleged deprivation of liberty took place by means of a prosecution in the Middle District of Florida.[3]

The facts surrounding Plaintiff's prosecution are particularly relevant, as one of the first decisions any court addressing this Complaint will need to make is whether Plaintiff's Fourth Amendment claims have not yet accrued or, alternatively, are time-barred. That determination will necessarily rest upon a complete understanding of the related criminal action.

In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254. In Preiser, state prisoners who had

---

[3] This Court takes judicial notice of the docket of the U.S. District Court for the Middle District of Florida, which reflects that Plaintiff was prosecuted, convicted, and sentenced in that District, where various motions for post-conviction relief remain pending, United States v. Mills, 3:02-cr-00115-TJC-TEM-1 (M.D. Fla.) (Motion [285] to Reopen Rule 33 Motion for New Trial pending); Mills v. United States, 06-cv-0031-TJC-TEM (M.D. Fla.) (pending Motion pursuant to 28 U.S.C. § 2255, raising claim of ineffective assistance of counsel based upon failure to move to suppress tape-recorded telephone conversations). See Fed.R.Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410426-27 (3d Cir. 1999) (federal court, on a motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).

been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release.  411 U.S. at 476.  The prisoners did not seek compensatory damages for the loss of their credits.  411 U.S. at 494.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Id. at 500.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in Preiser, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding.  Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages

>bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted). The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

>Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted). The Court further held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." <u>Id.</u> at 489-90.

Specifically addressing, albeit in <u>dicta</u>, whether a § 1983 suit, for damages attributable to an allegedly unreasonable search, would lie in advance of a judicial determination of the invalidity of the related conviction, the Supreme Court said,

>For example, a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of

9

> doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful.  In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, which, we hold today, does not encompass the "injury" of being convicted and imprisoned (until his conviction has been overturned).

Heck, 512 U.S. at 487 n.7.[4]

The Court of Appeals for the Third Circuit recently addressed the proper interpretation of footnote seven.  Rejecting the view of some courts that footnote seven creates a general exception to Heck for Fourth Amendment unreasonable search and seizure claims, the Court held that "the better reading of footnote seven is one that requires a fact-based inquiry.  Accordingly, in those cases in which a district court determines that success on the § 1983 claim would imply the invalidity of the conviction, the cause of action is deferred until the conviction is overturned."  Gibson v. Superintendent of New Jersey Dept. of Law and Public Safety, 411 F.3d 427, 449 (2005), cert. denied, 126 S.Ct. 1571 (2006).  Thus, cases in which the

---

[4] The doctrine of Heck, decided in the context of § 1983 civil rights actions against state actors, applies to Bivens-type actions against federal officers.  See, e.g., Robinson v. Jones, 142 F.3d 905, 906-07 (6th Cir. 1998); Messer v. Kelly, 129 F.3d 1259, 1997 WL 712811 (4th Cir. 1997) (unpubl.); Pandey v. Freedman, 66 F.3d 306, 1995 WL 568490 (1st Cir. 1995) (unpubl.); Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995); Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995); Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir. 1994).

<u>only</u> evidence supporting a conviction is tainted by a possible constitutional violation are perhaps "the quintessential example of when the <u>Heck</u> deferred accrual rule is triggered." <u>Id.</u> at 452.  In such cases, the actual compensable injury is the injury of being convicted and imprisoned, which is not actionable until the conviction is overturned.  <u>Id.</u>  See also <u>Hughes v. Lott</u>, 350 F.3d 1157, 1161 (11th Cir. 2003) (also employing a fact-based approach).

It is clear, therefore, that a "substantial part" of the events giving rise to Plaintiff's claim occurred in the Middle District of Florida.  Venue lies in that district.

Pursuant to 28 U.S.C. § 1404(a), "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  It appears to be in the interest of justice to transfer this action.  This Court expresses no opinion, however, on the timeliness or merits of Plaintiff's claims.

## IV.  <u>CONCLUSION</u>

For the reasons set forth above, this action will be transferred to the U.S. District Court for the Middle District of Florida.  An appropriate order follows.

<pre>                                /s/ JOEL A. PISANO_____
                                Joel A. Pisano
                                United States District Judge</pre>
Dated: September 25, 2006